IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TEKVOKE, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 19-2205-MN |
| | ) | |
| DIGIUM, INC | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## DEFENDANT DIGIUM, INC'S ANSWER TO PLAINTIFF TEKVOKE, LLC'S ORIGINAL COMPLAINT

Digium, Inc. ("Digium"), defendant in the above-entitled and numbered civil action, demands a trial by jury on all issues so triable and answers the Original Complaint of Tekvoke, LLC ("Tekvoke") as follows.

## NATURE OF THE ACTION

1. Digium admits that this action purports to be an action for patent infringement arising under the Patent Laws of the United States, but denies that it has infringed any of the patents-in suit.

## THE PARTIES

2. Digium is without knowledge or information sufficient to form a belief in the truth of the allegations contained in Paragraph 2 and therefore, denies these allegations.

3. Digium admits that it is a Delaware corporation with its principal place of business at 445 Jan Davis Drive NW, Huntsville, AL 35806.

4. Digium admits that, until November 21, 2019, it operated the website www.digium.com. Digium denies any other characterization of its operation of the website

contained in paragraph 4. Digium admits it has done business with customers in the District of Delaware. Except as admitted above, Digium denies the allegations of Paragraph 4.

## JURISDICTION AND VENUE

5. Digium admits that this action purports to be for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code, but denies that it has infringed the patents-in-suit.

6. Digium admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

7. Digium admits that it is subject to the personal jurisdiction of this Court because it is incorporated in the State of Delaware. Digium denies that it has committed any acts of patent infringement in this Judicial District. Except as admitted above, Digium denies the allegations of Paragraph 7.

8. Digium denies that it has conducted substantial business in this forum. Digium denies that it has committed any infringing acts in this forum. Digium denies that it has regularly solicited business in this forum. Digium admits that it has sold products into this forum on a regular basis. Digium admits that it is incorporated in the State of Delaware. Except as admitted above, Digium denies the allegations of Paragraph 7.

9. Digium admits that venue is proper in this Judicial District under 28 USC § 1400(b) because it is incorporated in this District. Digium denies the remaining allegations contained in Paragraph 9.

## FACTUAL BACKGROUND

10. Digium admits that what purports to be a copy of the '343 Patent is attached to Tekvoke's complaint as Exhibit A. Digium admits that Exhibit A is titled "Internet

Communication Control Apparatus and Communication Terminal Calling Method." Digium also admits that the face of the '343 patent states that it issued on February 3, 2004. Digium denies any further characterization of the '343 Patent, its inventors, or its examination as alleged in Paragraph 10.

11. Digium denies that the application that later became the '343 patent was filed on April 11, 2202.

12. Digium admits that the face of the '343 patent states that it was assigned to Panasonic Communications Co., Ltd.

13. Digium is without knowledge or information sufficient to form a belief in the truth of the allegation that the Tekvoke "is presently the owner of the '343 Patent," and therefore denies the allegations contained in Paragraph. 13.

14. Digium admits that the language quoted in Paragraph 14 appears in the '343 patent, Column 2, Lines 13-18. Except as expressly admitted above, Digium denies the allegations in Paragraph 14.

15. Digium admits that the language quoted in Paragraph 15 is taken from Claim 1 of the '343 patent.

16. Digium denies the allegations in Paragraph 16.

## DIGIUM'S PRODUCT

17. Digium admits that it sells the Digium Switchvox product. Digium denies Tekvoke's further description of Switchvox. Digium admits that Tekvoke has attached a claim chart as Exhibit B, but denies that Exhibit B shows that Switchvox infringes the '433 patent.

18. Digium denies the allegations contained in Paragraph 18.

19. Digium denies the allegations contained in Paragraph 19.

3

20. Digium denies the allegations contained in Paragraph 20.

21. Digium denies the allegations contained in Paragraph 21.

## ALLEGED INFRINGEMENT OF THE '343 PATENT

22. Digium realleges and incorporates by reference all of the allegations set forth in the preceding paragraphs.

23. Digium denies the allegations contained in Paragraph 23.

24. Digium denies the allegations contained in Paragraph 24.

25. Digium admits that it had knowledge of the '343 patent after service of the Complaint. Digium denies that it had knowledge of the '343 patent prior to the filing of this lawsuit.

26. Digium denies the allegations contained in Paragraph 26.

27. Digium denies the allegations contained in Paragraph 27.

28. Digium denies the allegations contained in Paragraph 28.

29. Digium denies the allegations contained in Paragraph 29. Digium further denies that Tekvoke can reserve the right to modify its infringement theories that is inconsistent with the scheduling order that will be adopted by the Court.

## JURY DEMAND

Digium demands a trial by jury in all issues triable as such.

## DIGIUM'S AFFIRMATIVE DEFENSES

30. Digium does has not and does not literally, directly, and/or under the doctrine of equivalents, infringe any valid and/or enforceable claim of the '343 Patent.

31. Each of the claims of the '343 patent are invalid for failing to comply with one of more of the requirements for patentability specified by Part II of Title 35 of the United States Code §101 *et seq.*, including without limitation 35 U.S.C. §§ 102, 103 and/or 112.

32. Tekvoke is estopped from construing the claims of the '343 patent to cover or include, either literally or by application of the doctrine of equivalents, methods used, devices manufactured, used, imported, sold or offered for sale by Digium because of admissions and statements to the PTO during prosecution of the applications leading to the issuance of the patent, disclosure or language in the specification of the patent and/or limitations in the claims of the patent.

33. This Court lacks subject matter jurisdiction over this matter because Tekvoke does not have standing because it is not the owner of the '343 patent.

34. The relief sought by Tekvoke is barred in whole or in part by the doctrine of laches.

35. To the extent that products accused of infringement were or are used or manufactured by or for the United States, the relief sought by Tekvoke is limited by 28 U.S.C. § 1498(a).

36. The relief sought by Tekvoke is barred in whole or in part by 35 U.S.C. § 287.

## **EXCEPTIONAL CASE**

37. This is an exceptional case pursuant to 35 U.S.C. § 285 entitling Digium to an award of attorneys' fees as a result of, *inter alia*, Tekvoke's failure to perform a reasonable pre-suit investigation of its infringement contentions against Digium.

## **PRAYER FOR RELIEF**

WHEREFORE, Digium hereby prays for the following relief:

    a.    That the Court enter judgment that Tekvoke is not entitled to any relief with respect to its allegations against Digium and dismiss all of Tekvoke's allegations with prejudice;

    b.    That the Court enter a judgment that Digium has not infringed and is not directly infringing or indirectly infringing by contribution or inducement, whether willfully or otherwise, any claim of the '343 patent, as alleged by Tekvoke;

    c.    That the Court enter a judgment that the claims of the '343 patent are invalid;

    d.    That the Court declare this an exceptional case and award Digium its costs, expenses, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

    e.    That the Court award Digium such other and further relief as the Court may deem just and proper.

                                        */s/ John W. Shaw*
                                        John W. Shaw (No. 3362)
                                        Andrew E. Russell (No. 5382)
                                        SHAW KELLER LLP
                                        I.M. Pei Building
                                        1105 North Market Street, 12th Floor
                                        Wilmington, DE 19801
OF COUNSEL:                          (302) 298-0700
Jon B. Hyland                           jshaw@shawekeller.com
MUNSCH HARDT KOPF & HARR P.C.    arussell@shawkeller.com
500 N. Akard Street, Suite 3800         *Attorneys for Defendant*
Dallas, TX 75201
(214) 855-7500

Dated: February 3, 2020

6